# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

ARDELLA SHORT,

      Plaintiff,

vs.

DOLGENCORP, LLC d/b/a DOLLAR GENERAL,

      Defendant.

CIVIL ACTION
FILE NO.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Ardella Short (hereinafter "Ms. Short" or "Plaintiff") files this Complaint against Dolgencorp, LLC which does business as Dollar General (hereinafter "Dollar General" or "Defendant") showing the Court that Defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 1981A ("Title VII") and the Pregnant Workers Fairness Act as follows:

## PARTIES

1. At all times relevant to this action, Ms. Short was an employee or prospective employee of Dollar General.

2. At all times relevant to this action, Dollar General was a Kentucky limited liability company operating its principal place of business at 100 Mission Ridge, Goodlettsville, Tennessee.

3. Dollar General is an employer covered by Title VII and the Pregnant Workers' Fairness Act.

4. Dollar General may be served with a summons and copy of the Complaint by delivering it to its registered agent, CSC of Stephens County, Inc. at 597 Big A Road, Toccoa, GA 30577.

## JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION

5. The Court has personal jurisdiction over Dollar General because the events giving rise to this action occurred within Georgia.

6. This Court's subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 as the Title VII/Pregnancy Discrimination Act claims herein present a federal question.

7. Venue is proper in this district and division under 28 U.S.C. § 1391 because through its registered agent Defendant resides in and conducts business in this district and division.

8. Ms. Short has complied with all conditions precedent to the filing of this action, including filing a timely Charge of Discrimination with the Equal

Employment Opportunity Commission (Charge No. 415-2025-00040). This action has been filed within ninety (90) days of her receipt of a Notice of Right to Sue.

## FACTS

9.    Throughout 2024, Dollar General employed more than fifteen employees.

10.    Dollar General is a retailer of consumable goods, including home cleaning supplies, health and beauty aids, food and snacks, house wares, toys, and basic apparel.

11.    Ms. Short applied for a part-time sales associate at Dollar General's store at 208 E US Highway-80, Bloomingdale, Georgia 31302.

12.    Dollar General hired Ms. Short to work as a cashier at its store at 280 E US Highway-80, Bloomingdale, Georgia 31302.

13.    After hire, Ms. Short informed her Erica Smiley manager that she would need accommodations due to her high risk pregnancy.

14.    Ms. Short explained to her manager Erica Smiley that her pregnancy was high risk because of high blood pressure, back pain, and pressure in her lower abdomen.

15.    As a result, Ms. Short requested accommodations of no heavy lifting, modified work schedule, extra water, extra bathroom breaks, maternity leave, and time off for her appointments.

16. Manager Erica Smiley informed Ms. Short that she was waiting on a response from the Dollar General district manager about Ms. Short's requested accommodations.

17. Ms. Short told her manager Erica Smiley that she was willing to discuss her accommodation requests with management and come up with alternatives.

18. Doller General never engaged in an interactive dialogue with Ms. Short about her accommodation requests.

19. Doller General never requested any medical documentation from Ms. Short.

20. Instead, manager Erica Smiley blocked Ms. Short's communications and ceased all communication.

21. Dollar General rescinded Ms. Short's job offer and terminated her employment because of her pregnancy.

## COUNT I:
## TERMINATION OF PLAINTIFF'S EMPLOYMENT BASED ON PREGNANCY IN VIOLATION OF TITLE VII

22. Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

23. As a pregnant female, Ms. Short is a member of a class protected under Title VII, as amended by the Pregnancy Discrimination Act of 1978.

24. Plaintiff was an employee, or alternatively prospective employee, of Defendant.

25. Dollar General is a covered employer under Title VII and Ms. Short's Title VII employer, or alternatively prospective employer.

26. Dollar General unlawfully discriminated against Ms. Short on the basis of her sex, which includes pregnancy, by terminating her employment because of her pregnancy, or alternatively failing to hire Ms. Short because of her pregnancy.

27. At all relevant times to this action, Defendant acted intentionally, willfully, and in bad faith towards Ms. Short with malice and reckless indifference to Ms. Short's federally protected rights.

28. As a result of Defendant's pregnancy discrimination described herein, Ms. Short has suffered actual and compensatory damages, back pay, front pay or reinstatement, attorneys' fees, litigation expenses, costs, and punitive damages.

## COUNT II: PREGNANT WORKERS FAIRNESS ACT DENIAL OF ACCOMMODATION AND DISCIMINATORY TERMINATION

29. Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

30. Plaintiff was an employee, or alternatively prospective employee, of Defendant.

31. Dollar General is a covered employer under the Pregnant Workers' Fairness Act and Plaintiff's employer or alternatively prospective employer.

5

32.    Dollar General has engaged in unlawful employment practices with regard to Plaintiff in violation of 42 U.S.C. § 2000gg-1(1).

33.    Specifically, Dollar General denied Plaintiff a reasonable accommodation due to the known limitations caused by her related pregnancy medical conditions.

34.    Plaintiff requested accommodations for her known limitations of pregnancy or related medical condition, including no heavy lifting, modified work schedule, extra water, extra bathroom breaks, maternity leave, and time off for her appointments, which Dollar General, refused to engage in the interactive process and then denied the accommodation without suitable reason or explanation by ceasing communication with Plaintiff, terminating her employment, or alternatively refusing to hire Plaintiff.

35.    Plaintiff was qualified to perform the essential job functions of her position(s) with or without accommodations. To the extent Plaintiff could not perform the essential job functions of her position, she was qualified under the PWFA because that inability was for a temporary period and could be accommodated.

36.    Defendant's termination of Plaintiff's employment based on her need for Dollar General to make these reasonable accommodations is a violation of 42 U.S.C. § 2000gg-1(1), (3), (5). Alternatively, Dollar General's refusal to hire based

6

on her request for Dollar General to make these reasonable accommodations is a violation of 42 U.S.C. § 2000gg-1(1), (3), (5).

37.     Plaintiff has suffered and continues to suffer damages from these illegal acts. Dollar General's acts described herein were undertaken intentionally and with malice and/or reckless disregard for Plaintiff's federally protected rights.

## COUNT THREE: PREGNANT WORKERS FAIRNESS ACT RETALIATION

38.     Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

39.      Plaintiff was a qualified employee under the Pregnant Workers' Fairness Act because she was an employee or applicant of Dollar General who, with or without reasonable accommodation, can perform the essential functions of the employment position. Any inabilities to perform an essential function were for a temporary period; the essential function could be performed in the near future; and the inability to perform the essential function can be reasonably accommodated.

40.     Dollar General is a covered employer under the Pregnant Workers' Fairness Act and Plaintiff's employer or alternatively prospective employer.

41.     Plaintiff engaged in activity protected by the Pregnant Workers' Fairness Act when she requested a reasonable accommodation to the knowledge limitations related to pregnancy or the related medical conditions.

42.    Dollar General terminated Plaintiff's employment, or alternatively refused to hire her, because she requested a pregnancy related reasonable accommodation in violation of 42 U.S.C. § 2000gg-1(5).

43.    As a direct and proximate result of Dollar General's retaliation, Plaintiff has suffered damages as set forth in the prayer for relief below.

## PRAYERS FOR RELIEF

WHEREFORE, Ms. Short respectfully prays that this Court grant the following relief:

1)    Issue judgment in favor of Plaintiff that Defendant discriminated against Ms. Short;

2)    That Plaintiff have and recover from Defendant back pay and benefits, with prejudgment interest thereon;

3)    That the Court award Plaintiff reinstatement or in the alternative front pay and benefits in an amount sufficient to compensate her for the loss of future salary and fringe benefits;

4)    That Plaintiff have and recover compensatory damages in an amount to be determined by a jury;

5)    That Plaintiff have and recover punitive damages in an amount to be determined by a jury;

6)      That Plaintiff have and recover her attorneys' fees, litigation expenses, and costs of litigation; and

7)      Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

**Plaintiff demands a trial by jury.**

Respectfully submitted this 28th day of March, 2025.

> */s/ **Julie H. Burke***
> Julie H. Burke
> Georgia Bar No. 448095
> Hill, Kertscher & Wharton, LLP
> 3625 Cumberland Blvd. SE, Suite 1050
> Atlanta, GA 30339
> Phone:  770-953-0995
> Email:  jb@hkw-law.com